**FILED**

2006 JUN 23 PH 4: 19

CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**PROPOSED CORRECTED JUDGMENT**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHUBB & SON, INC., et al.,                    :          CORRECTED JUDGMENT
                                              :          92-CV-4484 (CBA)
                Plaintiffs,                   :
                                              :
        -against-                             :
                                              :
MICHAEL KELLEHER, et al.,                     :
                                              :
                Defendants.                   :
------------------------------------------------------X
CHUBB & SON, INC., et al.,                    :
                                              :
                Plaintiffs,                   :          95-CV-0951 (CBA)
                                              :
                                              :
        -against-                             :
                                              :
JAMES KELLEHER, et al.,                       :
                                              :
                Defendants.                   :
------------------------------------------------------X

A Memorandum and Order of Honorable Carol Bagley Amon, United States

District Judge, having been filed on May 27, 2005, adopting the Report and Recommendations of

Magistrate Judge Robert M. Levy, dated June 18, 2001 and October 5, 2001; (1) ordering that in

92-CV-4484, plaintiffs be awarded compensatory damages against Ezra Rishty and UIA in the

amount of $1,005,982.02 and that pre-judgment interest on that amount be calculated at the New

Jersey statutory interest rate and accruing on February 16, 1993; (2) awarding plaintiffs in 92-

CV-4484, $10,770,000.00 against defendant Mitchell Shidlofsky and that pre-judgment interest

be awarded on the amount of $3,590,000.00 at the New Jersey statutory interest rate and accruing

on February 16, 1993; and (3) awarding plaintiffs in 92-CV-0951, compensatory damages in the

amount of $70,536.89 against Gale and Elliot Levy and that pre-judgment interest on that amount

JUDGMENT
92-CV-4484 (CBA)
92-CV-0951 (CBA)

be calculated at the rate of nine percent (9%) per year, accruing on May 7, 1987; it is

ORDERED and ADJUDGED that the Report and Recommendations of

Magistrate Judge Robert M. Levy is adopted; that in 92-CV-4484, plaintiffs are awarded

compensatory damages against Ezra Rishty and UIA in the amount of $1,005,982.02 and that

pre-judgment interest on that amount be calculated at the New Jersey statutory interest rate and

accruing on February 16, 1993 in the amount of $580,561.87, making in all a judgment of

$1,586,543.89; (2) that in 92-CV-4484, plaintiffs be awarded $10,770,000.00 against defendant

Mitchell Shidlofsky and that pre-judgment interest be awarded on the amount of $3,590,000.00

at the New Jersey statutory interest rate and accruing on February 16, 1993 in the amount of

$2,071,823.42, making it all a judgment of $12,841,823.42; and (3) that, in 92-CV-0951,

plaintiffs are awarded compensatory damages in the amount of $70,536.89 against Gale and

Elliot Levy and that pre-judgment interest on that amount be calculated at the rate of nine percent

(9%) per year, accruing on May 7, 1987, in the amount of $121,452.93, making in all a judgment

of $191,989.92.


Dated: Brooklyn, New York
       June 26 , 2006

_____
ROBERT C. HEINEMANN
Clerk of Court

**PREJUDGMENT INTEREST CALCULATIONS**

FILED

2006 JUN 23 PM 4: 19

CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**New York Defendants**

| Defendant | Damages Award | Accrual Date | Judgment Date | Prejudgment interest @9% | Total Judgment |
|---|---|---|---|---|---|
| Gale Levy | $70,536.89 | 5/7/1987 | 6/19/2006 | $121,452.93 | $191,989.82 |
| Elliot Levy | $70,536.89 | 5/7/1987 | 6/19/2006 | $121,452.93 | $191,989.82 |

**New Jersey Defendants**

| Defendant: | Mitchell Shidlofsky |
| Single Damages Award | $3,590,000 |

| Single Damages | Begin Period | End Period | Interest Rate | Interim Interest |
|---|---|---|---|---|
| $3,590,000.00 | 02/16/93 | 12/31/93 | 5.50% | $172,024.93 |
| $3,590,000.00 | 1/1/1994 | 12/31/94 | 3.50% | $125,650.00 |
| $3,590,000.00 | 1/1/1995 | 12/31/95 | 3.50% | $125,650.00 |
| $3,590,000.00 | 1/1/1996 | 12/31/96 | 5.50% | $197,450.00 |
| $3,590,000.00 | 1/1/1997 | 12/31/97 | 5.50% | $197,450.00 |
| $3,590,000.00 | 1/1/1998 | 12/31/98 | 5.50% | $197,450.00 |
| $3,590,000.00 | 1/1/1999 | 12/31/99 | 5.50% | $197,450.00 |
| $3,590,000.00 | 1/1/2000 | 12/31/00 | 5.00% | $179,500.00 |
| $3,590,000.00 | 1/1/2001 | 12/31/01 | 5.50% | $197,450.00 |
| $3,590,000.00 | 1/1/2002 | 12/31/02 | 6.00% | $215,400.00 |
| $3,590,000.00 | 1/1/2003 | 12/31/03 | 3.00% | $107,700.00 |
| $3,590,000.00 | 1/1/2004 | 12/31/04 | 2.00% | $71,800.00 |
| $3,590,000.00 | 1/1/2005 | 12/31/05 | 1.00% | $35,900.00 |
| $3,590,000.00 | 1/1/2006 | 09/16/06 | 2.00% | $50,948.49 |
| **Total Interest** | | | | **$2,071,823.42** |

| Treble Damages Award | $10,770,000.00 |
| Prejudgment Interest | $2,071,823.42 |
| **Judgment** | **$12,841,823.42** |

| Defendant: | Ezra Rishty and UIA |
| Damages Award | $1,005,982 |

| Liability Amount | Begin Period | End Period | Interest Rate | Interim Interest |
|---|---|---|---|---|
| $1,005,982.02 | 02/16/93 | 12/31/93 | 5.50% | $48,204.45 |
| $1,005,982.02 | 1/1/1994 | 12/31/94 | 3.50% | $35,209.37 |
| $1,005,982.02 | 1/1/1995 | 12/31/95 | 3.50% | $35,209.37 |
| $1,005,982.02 | 1/1/1996 | 12/31/96 | 5.50% | $55,329.01 |
| $1,005,982.02 | 1/1/1997 | 12/31/97 | 5.50% | $55,329.01 |
| $1,005,982.02 | 1/1/1998 | 12/31/98 | 5.50% | $55,329.01 |
| $1,005,982.02 | 1/1/1999 | 12/31/99 | 5.50% | $55,329.01 |
| $1,005,982.02 | 1/1/2000 | 12/31/00 | 5.00% | $50,299.10 |
| $1,005,982.02 | 1/1/2001 | 12/31/01 | 5.50% | $55,329.01 |
| $1,005,982.02 | 1/1/2002 | 12/31/02 | 6.00% | $60,358.92 |
| $1,005,982.02 | 1/1/2003 | 12/31/03 | 3.00% | $30,179.46 |
| $1,005,982.02 | 1/1/2004 | 12/31/04 | 2.00% | $20,119.64 |
| $1,005,982.02 | 1/1/2005 | 12/31/05 | 1.00% | $10,059.82 |
| $1,005,982.02 | 1/1/2006 | 09/16/06 | 2.00% | $14,276.68 |
| **Total Interest** | | | | **$580,561.87** |

| Damages Award | $1,005,982.02 |
| Prejudgment Interest | $580,561.87 |
| **Judgment** | **$1,586,543.89** |

**NEW JERSEY RULE OF COURT 4:42-11(b)**

Westlaw.

NJ R SUPER TAX SURR CTS CIV R. 4:42-11

R. 4:42-11

c
### WEST'S NEW JERSEY RULES OF COURT
### PART IV. RULES GOVERNING CIVIL PRACTICE IN THE SUPERIOR COURT, TAX COURT AND SURROGATE'S COURTS
### CHAPTER VI. JUDGMENT
### RULE 4:42. JUDGMENT; ORDERS; DAMAGES; COSTS

Copr. © 2006 Thomson/West.

Current with amendments received through May 15, 2006

4:42-11. Interest; Rate on Judgments; in Tort Actions

**(a) Post Judgment Interest.** Except as otherwise ordered by the court or provided by law, judgments, awards and orders for the payment of money, taxed costs and counsel fees shall bear simple interest as follows:

(i) For periods prior to January 2, 1986, the annual rate of return shall be as heretofore provided by this rule, namely, 6% for the period prior to April 1, 1975; 8% for the period between April 1, 1975 and September 13, 1981; and 12% for the period between September 14, 1981 and January 1, 1986.

(ii) For judgments not exceeding the monetary limit of the Special Civil Part at the time of entry, regardless of the court in which the action was filed: commencing January 2, 1986 and for each calendar year thereafter, the annual rate of interest shall equal the average rate of return, to the nearest whole or one-half percent, for the corresponding preceding fiscal year terminating on June 30, of the State of New Jersey Cash Management Fund (State accounts) as reported by the Division of Investment in the Department of the Treasury.

(iii) For judgments exceeding the monetary limit of the Special Civil Part at the time of entry: in the manner provided for in subparagraph (a)(ii) of this Rule until September 1, 1996; thereafter, at the rate provided in subparagraph (a)(ii) plus 2% per annum.

Post-judgment interest may be included in the calculation of an attorney's contingency fee.

**(b) Tort Actions.** Except where provided by statute with respect to a public entity or employee, and except as otherwise provided by law, the court shall, in tort actions, including products liability actions, include in the judgment simple interest, calculated as hereafter provided, from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later, provided that in exceptional cases the court may suspend the running of such prejudgment interest. Prejudgment interest shall not, however, be allowed on any recovery for future economic losses. Prejudgment interest shall be calculated in the same amount and manner provided for by paragraph (a) of this rule except that for all periods prior to January 1, 1988 interest shall be calculated at 12% per annum. The contingent fee of an attorney shall not be computed on the interest so included in the judgment.

Note: Adopted December 21, 1971 to be effective January 31, 1972. Paragraph (b) amended June 29, 1973 to be effective September 10, 1973; paragraphs (a) and (b) amended November 27, 1974 to be effective April 1, 1975; paragraphs (a) and (b) amended July 29, 1977 to be effective September 6, 1977; paragraphs (a) and (b) amended July 16, 1981 to be effective September 14, 1981; paragraph (a) amended July 15, 1982 to be effective September

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

NJ R SUPER TAX SURR CTS CIV R. 4:42-11

**R. 4:42-11**

13, 1982; paragraph (a) amended July 26, 1984 to be effective September 10, 1984; paragraph (a) amended November 1, 1985 to be effective January 2, 1986; paragraph (b) amended November 2, 1987 to be effective January 1, 1988; paragraph (a)(ii) amended and paragraph (a)(iii) added June 28, 1996 to be effective September 1, 1996; paragraph (b) amended April 28, 2003 to be effective July 1, 2003.

### Publisher's Note

Pursuant to paragraph (a)(ii) of Rule 4:42-11, the annual rate of interest commencing January 2, 1986 and for the remainder of 1986 was 9.5%; the rate for calendar year 1987 was 7.5%; the rate for calendar year 1988 was 6.0%; the rate for calendar year 1989 was 7.0%; the rate for calendar year 1990 was 8.0%; the rate for calendar year 1991 was 8.5%; the rate for calendar year 1992 was 7.5%; the rate for calendar year 1993 was 5.5%; the rate for calendar year 1994 was 3.5%; the rate for calendar year 1995 was 3.5%; the rate for calendar year 1996 was 5.5%; the rate for calendar year 1997 was 5.5%; the rate for calendar year 1998 was 5.5%; the rate for calendar year 1999 was 5.5%; the rate for calendar year 2000 was 5.0%; the rate for calendar year 2001 was 5.5%; the rate for calendar year 2002 was 6.0%; the rate for calendar year 2003 was 3.0%; the rate for the calendar year 2004 was 2.0%; the rate for the calendar year 2005 is 1.0%; and the rate for the calendar year 2006 will be 2.0%.

**R. 4:42-11**

NJ R SUPER TAX SURR CTS CIV **R. 4:42-11**

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                      ) ss.:
COUNTY OF NEW YORK )

           LINDA FRANCESCHINI, being duly sworn, deposes and says that:

          I am over the age of 18 years; I am not a party to the within action; and I reside in Bronx County, New York.

          On the 23rd day of June 2006, I served a true copy of the attached **Proposed Corrected Judgment** upon:

> Mitchell Shidlofsky
> 8129 NW 106th Lane
> Parkland, FL 33076
>
> Elliott Levy
> 542 Kenwood Place
> Teaneck, NJ 07666
>
> Galy Levy
> 2047 East 4th Street
> Brooklyn, New York 11223
>
> Ezra Rishty
> 759 Shrewsbury Avenue
> Long Branch, NJ 07440

by depositing same enclosed in a post-paid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service within the City, County and State of New York.

                                    LINDA FRANCESCHINI

Sworn to before me this
23rd day of June 2006.

_____
      Notary Public

MARK PLATT
Notary Public, State of New York
No. 02PL4787922
Qualified in Westchester County
Commission Expires October 31, 2009